UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ELIZABETH TREMBLAY,
        Plaintiff,
    v.                                            CIVIL ACTION NO. 17-11088-DJC
BANK OF AMERCIA, BANK OR NEW YORK
and HUNT LEIBERT JACOBSON, P.C.,
        Defendants.

ORDER

CASPER, D.J.

    1.    Plaintiff Elizabeth Tremblay's ("Tremblay") motion to proceed *in forma pauperis* is ALLOWED. Because Tremblay is proceeding *in forma pauperis*, her complaint is subject to screening pursuant to 28 U.S.C. §1915(e)(2)(B).

    2.    Tremblay's action is DISMISSED without prejudice for substantially the same reasons set forth in the Orders dismissing Tremblay's prior, duplicative actions concerning her Connecticut foreclosure proceeding.[1] See Tremblay v. Bank of America, 16-10813-FDS, D.7; Tremblay v. Unknown Banks, 15-10075-GAO, D.6; Tremblay v. Bank of New York, 15-13374-GAO, D.6.

Because judgment has entered in the foreclosure case, the claims fail for lack of subject matter jurisdiction under the Rooker-Feldman doctrine. "The Rooker–Feldman doctrine is properly applied where, regardless of how the claim is phrased, the only real injury to Plaintiffs is ultimately still caused by a state-court judgment." DuLaurence v. Telegen, 94 F. Supp. 3d 73, 80

---

[1] Plaintiff's claim concerns the foreclosure on her property at 423 Rixtown Road, in Griswold Connecticut. See Bank of New York v. Tremblay, KNL-CV07-5004785-S (Connecticut Superior Court). A review of the public docket reveals that judgment originally entered on April 7, 2008. After two appeals, final judgment entered on May 18, 2016. According to the Griswold Connecticut Town Clerk's records, title to the foreclosed property transferred on July 27, 2016. It is not clear what role, if any, Bank of America had with respect to the foreclosure action. As best the court can discern Bank of America held plaintiff's mortgage at some point. Merely holding the mortgage at some point does not state a plausible claim against Bank of America.

(D. Mass. 2015), aff'd sub nom. Dulaurence v. Telegen et al. (May 5, 2015)(citations and quotations omitted.). "First Circuit precedent is clear that a claim need not directly assert that it is attempting to appeal or attack a state court decision in order to fall within the scope of the Rooker–Feldman doctrine." Id. "Rather, a plaintiff's claims may be an effort to do an end run around the state court's judgment." Id. (citation and quotation omitted). Here, Tremblay seeks damages of $500,000 for "the aggravation…[defendants]…put [her] through" apparently during the foreclosure action and that she has "never been heard" on unidentified civil rights violations under the First And Seventh Amendments. When viewed in the context of her prior civil actions in this Court, Tremblay appears to impermissibly seek damages relating to a foreclosure proceeding which she claims was somehow procedurally flawed. Any analysis of the defendants' alleged conduct or motivations concerning the timing and notice procedural defects in that action necessarily would require this Court to review impermissibly the validity of the Connecticut Superior Court's foreclosure judgment inasmuch as she is essentially alleging harm as a result of the judgment in that action. See Mains v. Citibank, N.A., 852 F.3d 669, 678 (7th Cir. 2017)(holding with few exceptions, not applicable here, claims against mortgagee and law firm barred by Rooker-Feldman); Cavero v. One W. Bank FSB, 617 F. App'x 928, 930 (11th Cir. 2015)(unpublished decision)(affirming dismissal of claims against mortgagee and law firm under Rooker-Feldman); but see contra Gabriele v. Am. Home Mortg. Servicing, Inc., 503 Fed.Appx. 89 (2nd Cir. 2012)(holding Fair Debt Collections Practices Act claims not barred by Rooker-Feldman). Furthermore, Tremblay makes no federal claims other than baldly asserting her First Amendment and Seventh Amendment rights under the Constitution. It is unclear on what basis Tremblay makes such assertions, but in the context of the allegations in her complaint, there is no plausible basis for such claims as against these defendants. As to Defendant Hunt Leibert Jacobson P.C., this

claim is dismissed for the additional reasons that Tremblay has not alleged plausible allegations of harm by this defendant, even, as she seems to suggest that this defendant is also liable for the foreclosure that has now been adjudicated in Connecticut. To the extent Tremblay believes that judgment was procured by fraud or otherwise was procedurally erroneous, her recourse is to the Connecticut appellate courts, which she appears to have done, not a civil action in the United States District Court in this district.[2] Tellingly, Tremblay claims that "Mohegan Sun caused all of this…," and although not technically part of the complaint, Tremblay essentially admits that the property was properly subject to foreclosure for reasons unrelated to the Defendants in her motion to proceed *in forma pauperis* where she states: "The reason I lost the house was because Mohegan Sun fired me illegally to bring a mental case back in my position because they had no openings." See complaint, D.1, motion to proceed *in forma pauperis*, D.2 at 2. While Tremblay appears upset because alleged circumstances unrelated to the Defendants in this case purportedly set off a chain of events leading her to apparently default on her mortgage and lose her home, such circumstances do not lay the groundwork for a cause of action against the Defendants in this action.

       3.      It is <u>FURTHER ORDERED</u> that Tremblay is <u>ENJOINED</u> from filing any new civil action in this Court against Bank of New York, Bank of America and Hunt Leibert Jacobson, P.C. concerning or relating to the foreclosure of her property in Connecticut without first obtaining leave of Court to do so. Tremblay may seek such written approval by filing a written petition seeking leave of court to do so. Such petition must be accompanied by a copy of this Order, the papers sought to be filed and a certification under oath that there is a good-faith basis for their filing. The Clerk of Court shall accept the documents, mark them received, and forward them to

---

[2]. Even if the Court had subject matter jurisdiction, the Court questions whether venue is appropriate. See 28 U.S.C. §§ 1391(b) and 1406(a).

a judicial officer for action on the petition.  Any documents which are submitted for filing by the plaintiff in violation of this Order shall not be filed or docketed by the Clerk's Office, but shall be returned to plaintiff.  To the extent that plaintiff brings, or seeks leave to bring, further actions that have been previously-decided by this court or are otherwise malicious, frivolous, or abusive, she may be subject to further sanctions.  Plaintiff has been previously warned about filing malicious, frivolous or abusive actions, see Tremblay v. Bank of America, 16-10813-FDS, D.7, and the Court notes that she may be subject to sanctions, including monetary sanctions, if she continues to file claims that are malicious, frivolous, or abusive.

SO ORDERED.

 September 27, 2017_____     /s/ Denise J. Casper_____
 DATE                                                                  Denise J. Casper
                                                                               UNITED STATES DISTRICT JUDGE